```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA           :

        -v-                        :    07 Cr. 564 (DLC)

VICTOR PEREZ,                      :

                                   :
            Defendant.
                                   :

- - - - - - - - - - - - - - - - - X
```

**GOVERNMENT'S SENTENCING MEMORANDUM**



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 18, 2008

BY HAND DELIVERY

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, New York 10007

      Re:    **United States v. Victor Perez**
             **07 Cr. 564 (DLC)**

Dear Judge Cote:

    The Government respectfully submits this letter in advance of the sentencing in this case, scheduled for March 21, 2008, and in response to the defendant's sentencing submission, dated March 17, 2008, requesting a sentence of 37 months' imprisonment. For the reasons stated below, the Government submits that a sentence within the range set forth in the United States Sentencing Guidelines (the "Guidelines") of 37 to 46 months' imprisonment is appropriate and should be imposed here.

    On December 11, 2007, Perez pled guilty to conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). Perez admitted during his plea allocution that: (i) on November 10, 2006, he picked up co-defendant Ismael Roque in New Jersey, and they agreed to drive to Manhattan to pick-up some cash; (ii) Perez then drove Roque to Manhattan and they picked-up two individuals who brought the cash into Perez's car; (iii) Perez believed that he and Roque had picked up approximately $580,000 in cash; (iv) Perez understood that there was an intent to conceal the fact that the cash was derived from an illegal activity; and (v) Perez also knew that the cash constituted proceeds from narcotics trafficking.

    In addition, following his arrest on May 14, 2007, and after waiving his <u>Miranda</u> rights, Perez revealed that this was not first time he had transported narcotics proceeds. Perez stated that, for approximately three years, he picked up and dropped off narcotics proceeds for Toni Gonzalez, a drug dealer in Connecticut, for whom he also did legitimate work. Perez indicated that from 2003 up to June 2006 – only five months before he was stopped with Roque – he traveled to Massachusetts, New York, and Connecticut to pick up narcotics proceeds for Gonzalez. Perez also admitted that the red notebook recovered from his car on November 10, 2006, belonged to him and contained a listing of the amounts of narcotics proceeds he had picked up for Gonzalez and the amount Gonzalez paid him for each pick-up. See Pre-Sentence Report

("PSR") at ¶ 21.

The parties and the Probation Office agree that the correct Guidelines range is 37 to 46 months' imprisonment because Perez has a total offense level of 21 and is in Criminal History Category I. The total offense level is the result of a base offense level of 22 (because the value of the laundered funds is more than $400,000 but less than $1 million), a two level enhancement because Perez was convicted under 18 U.S.C. § 1956, and a three level reduction for acceptance of responsibility. See PSR at ¶¶ 28-40.

The Government respectfully submits that a sentence within the applicable Guidelines range of 37 to 46 months is appropriate and should be imposed in this case. By agreeing to help transport more than a half million dollars in narcotics proceeds for a drug trafficking organization, Perez's criminal conduct was serious. Moreover, his actions were the product of considerable planning and deliberation. On November 10, 2006, he picked up Roque in New Jersey and then drove to Manhattan to pick up two other individuals who supplied the bags containing more than $500,000 in cash. After receiving the cash, Perez dropped off the other individuals, then drove with Roque back to New Jersey before they later returned to Manhattan and were stopped by the police. During this entire period, Perez knew that the bags contained narcotics proceeds. Accordingly, it should be noted that, when he was stopped with the cash in his car, Perez was far from truthful with the agents who questioned him. Rather than tell the agents that he knew that the cash constituted narcotics proceeds, he said that one of the individuals he had picked up told him that one of the bags contained clothing. See PSR ¶ 17.

Finally, by Perez's own admission, this is far from the first time he has engaged in this type of behavior. The red notebook found in his car on November 10, 2006, and his post-arrest statement demonstrate that he had been transporting narcotics proceeds in three different states for at least three years prior to his arrest. Furthermore, the entries in the red notebook, which total several million dollars, reveal that it was not at all unusual for Perez to transport several hundred thousand dollars in narcotics proceeds at one time.[*] As a result, Perez cannot reasonably claim that he was a novice to the field of money laundering or that the instant case constitutes aberrant behavior.

---

[*] Consistent with the terms of the plea agreement in this case, the Government believes that the applicable Guidelines range is 37 to 46 months, and does not contend that Perez's prior deliveries represent relevant conduct under Section 1B1.3 of the Sentencing Guidelines. The prior deliveries should be considered, however, to the extent that they are relevant to the Court's analysis of the Section 3553(a) factors inasmuch as they reflect the history and the characteristics of the defendant. See 18 U.S.C. ¶ 3553(a)(1).

For all of these reasons, the Government respectfully requests that the Court impose a sentence within the 37 to 46 month range provided by the Guidelines.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney

By: *(signature)*
Brendan R. McGuire
Assistant United States Attorney
(212) 637-2220


cc:   Mitchell Dinnerstein, Esq. (by fax)
      Counsel for Victor Perez

      Ross N. Kapitansky
      U.S. Probation